[No. E023264. Fourth Dist., Div. Two. Aug. 4, 1999.]

PAT NEBEL, Plaintiff and Respondent, v.
JOSEPH SULAK, SR., Defendant and Appellant.

**COUNSEL**

Scott J. Raymond for Defendant and Appellant.

Law Offices of Kirk Barber and Skip Southwick for Plaintiff and Respondent.

**OPINION**

**GAUT, J.—**

### 1. *Introduction*

This appeal raises several questions of significance. First, to what extent may a disinterested third party observe a judgment debtor examination, and,

as a collateral issue, may a nonlawyer conduct a judgment debtor examination to enforce a small claims judgment?

We hold that a judgment debtor examination is a judicial proceeding open to the public. (Code Civ. Proc., §§ 124 and 708.110, subd. (a).)[1] Additionally, the examination must be conducted by a judicial officer or a member of the State Bar of California. (§ 708.140, subd. (b).) In the present case, the court erred by granting an injunction, the effect of which was entirely to prohibit defendant Joseph Sulak, Sr. (Sulak) from attending the subject judgment debtor examinations. The examinations, all of which took place in the courthouse, were not private. Sulak was entitled to observe the examinations in a way that did not unduly interfere with them. Therefore, the injunction issued against Sulak was overly broad. Furthermore, Sulak is correct that plaintiff Pat Nebel (Nebel) should not be conducting judgment debtor examinations unless she is a member of the Bar. We reverse the judgment.

## 2. *Factual and Procedural Background*

The record reflects that Nebel, who is apparently not a licensed attorney, routinely conducts judgment debtor examinations at the Three Lakes Judicial District courthouse on behalf of judgment creditors in small claims cases. Beginning in the latter part of 1997, Sulak, who is a licensed process server, has observed Nebel performing the examinations. Nebel claims his presence disturbs the debtors and interferes with the examinations. The record more particularly shows the following sequence of events.

On February 18, 1998, Nebel conducted a judgment debtor examination of Martha Ann Orta and Anthony Navarro Orta on behalf of a judgment creditor, the Farm Property Owners Association. The record does not show that Sulak observed this examination.

On March 4 and 25, 1998, Nebel conducted a judgment debtor examination of Mike Oliva on behalf of the Farm Property Owners Association. On March 25, Sulak watched from the back of a courtroom as Nebel completed the examination of Mike Oliva.

On May 13, 1998, an attorney, Skip Southwick, conducted a judgment debtor examination of Mario J. Ybarra and Deborah G. Ybarra on behalf of Horsethief Canyon Ranch Maintenance Corporation. Nebel was present to record the debtor's responses. The examination took place in the hallway outside the courtroom. From a distance of 10 feet, Sulak observed the

---

[1]All further statutory references are to the Code of Civil Procedure, unless otherwise stated.

examination and refused to depart. Afterwards Sulak approached Nebel and said that he would continue to observe any examinations conducted by Nebel.

On May 27, 1998, Nebel arrived at the courthouse for a judgment debtor examination. Sulak was present. Nebel asked for and was granted permission to use a vacant room to conduct the examination without interference from Sulak.

On June 3 and 11, 1998, in superior court, Nebel filed a combined petition for injunction prohibiting harassment and application for a temporary restraining order directed at Sulak. On June 29, 1998, the court granted an order to show cause and a temporary restraining order. The order provided that Sulak stay 25 yards away from Nebel's person, residence, and workplace. Additionally, and somewhat inconsistently, the order provided that Sulak was prohibited from any area, 10 yards in radius, at the Three Lakes courthouse where Nebel conducted debtor's examinations.

On July 20, 1998, Sulak filed a response and a cross-complaint for declaratory relief and injunction.

On July 22, 1998, the court conducted a brief hearing in which it questioned both the parties. On July 24, 1998, it then issued its ruling, granting a restraining order and ordering that Sulak stay 25 feet away from Nebel. The duration of the order was for six months. On July 29, 1998, the court also issued a ruling that stated "Petition for Cross-Complaint re: Declaratory Relief/Injunction Denied."

This appeal followed.

### 3. *Discussion*

At the outset, we consider whether the appeal is moot. We hold it is not for two reasons. First, although the injunction expired on January 24, 1999, the issues are of general interest and are likely to recur.

" 'As a general rule, when an event has occurred pending appeal from a lower court judgment which renders it impossible for the appellate court to grant an appellant any effectual relief whatever, the appeal will be dismissed as moot. [Citation.] There is a significant exception to this rule,

however, where the appeal raises an important issue that is likely to recur, yet evade review. [Citations.] If an action involves a matter of continuing public interest and the issue is likely to recur, a court may exercise an inherent discretion to resolve that issue, even though an event occurring during its pendency would normally render the matter moot.'" (*Hebert* v. *Los Angeles Raiders, Ltd.* (1991) 23 Cal.App.4th 414, 421 [29 Cal.Rptr.2d 540], citing *Schraer* v. *Berkeley Property Owners' Assn.* (1989) 207 Cal.App.3d 719, 728 [255 Cal.Rptr. 453].)

▮ The instant appeal presents significant issues involving the correct procedures for a judgment debtor examination. Those issues are implicated in Sulak's cross-complaint, in which he seeks in part affirmative relief for Nebel's alleged unfair business practices. On appeal, Nebel focuses entirely upon the propriety of the injunction and ignores the issue of whether she, a nonlawyer, can properly conduct a debtor's examination. But this question bears on the relief sought by defendant in his cross-complaint and, therefore, should not be disregarded. Applying a strict standard of mootness, such as respondent would have us do, would effectively exempt these important questions from judicial review. Accordingly, we decline to dismiss the appeal as moot and instead proceed to a consideration of the merits.

▮ Two statutory schemes are involved: (1) the statutes governing procedures in small claims court and (2) the enforcement of judgments law. The small claims law provides, with certain exceptions not pertinent here, that no party to a small claims action can be represented by an attorney. (§ 116.530.) Any party not a natural person may be represented only through a regular employee, or a duly appointed or elected officer or director, who is employed, appointed, or elected for purposes other than solely representing the party in small claims court. (§ 116.540, subds. (b) and (c).) A partnership may be represented by a partner. (§ 116.540, subd. (c).) The small claims law further provides that a judgment debtor shall complete a judgment debtor's statement of assets. (§ 116.830; Cal. Rules of Court, rule 982.7(a).) A small claims judgment may also be enforced as provided by the enforcement of judgments law. (§ 116.820, subd. (a).)

Under the enforcement of judgments law, a judgment debtor may be compelled to appear before the court or an appointed referee for examination regarding his or her assets. (§ 708.110.) Only a member of the State Bar of California is eligible for appointment as a referee. (§ 708.140, subd. (b).)

Additionally, a judgment debtor examination is a public proceeding. Section 124 provides: ". . . the sittings of every court shall be public."

Interpreting this section, the California Supreme Court recently said: "We believe that the public has an interest, in *all* civil cases, in observing and assessing the performance of its public judicial system, and that interest strongly supports a general right of access in ordinary civil cases." (*NBC Subsidiary (KNBC-TV), Inc.* v. *Superior Court* (1999) 20 Cal.4th 1178, 1210 [86 Cal.Rptr.2d 778, 980 P.2d 337.)

■ By application of the foregoing, we reach the following conclusions. Although no party to a small claims action may be represented by an attorney, a judgment creditor in a small claims action has two alternatives for the enforcement of a judgment. Either (1) the judgment creditor can seek information by use of the judgment debtor's statement of assets or (2) the judgment creditor may seek to have a debtor examination conducted before the court or an appointed referee, i.e., a licensed attorney. Furthermore, although debtor examinations often occur informally, in the hallway outside the courtroom or in an adjacent room, a debtor examination is a public, not a private, proceeding from which the public may not be excluded.

We next review the propriety of the injunction against Sulak.

■ "In order to obtain a section 527.6 injunction, the plaintiff must show by clear and convincing evidence that he has been harassed, which is defined as 'a knowing and willful course of conduct directed at a specific person which seriously alarms, annoys, or harasses the person, and which serves no legitimate purpose. The course of conduct must be such as would cause a reasonable person to suffer substantial emotional distress, and must actually cause substantial emotional distress to the plaintiff. "Course of conduct" is a pattern of conduct composed of a series of acts over a period of time, however short, evidencing a continuity of purpose. Constitutionally protected activity is not included within the meaning of "course of conduct." ' (§ 527.6, subds. (b), (d).)

■ "Section 527.6 was passed to supplement the existing common law torts of invasion of privacy and intentional infliction of emotional distress by providing quick relief to harassment victims threatened with great or irreparable injury. (*Smith* v. *Silvey* (1983) 149 Cal.App.3d 400, 405 [197 Cal.Rptr. 15].) It was enacted to protect the individual's right to pursue safety, happiness and privacy as guaranteed by the California Constitution. (*Kobey* v. *Morton* (1991) 228 Cal.App.3d 1055, 1059 [278 Cal.Rptr. 530].)

"Section 527.6 has been used where the victim has been stalked, threatened or otherwise seriously harassed. [Citations.]" (*Grant* v. *Clampitt* (1997) 56 Cal.App.4th 586, 591-592 [65 Cal.Rptr.2d 727].)

 In the present case, the court ultimately granted an injunction prohibiting Sulak from being within 25 feet of Nebel. But there are several problems with the injunction because there is not substantial evidence of harassing conduct. (*Schild* v. *Rubin* (1991) 232 Cal.App.3d 755, 762 [283 Cal.Rptr. 533].)

First, even if Nebel had possessed the authority to conduct debtor examinations, the injunction was overbroad, encompassing lawful activity by Sulak. Because a debtor examination is a public proceeding, Sulak had the right to observe any examination, whether performed by Nebel or an attorney. (See *Smith* v. *Silvey* (1983) 149 Cal.App.3d 400, 406-407 [197 Cal.Rptr. 15] [§ 527.6 inapplicable where activities complained of were an exercise of the constitutional right to petition for redress of grievances]; and *H-CHH Associates* v. *Citizens for Representative Government* (1987) 193 Cal.App.3d 1193, 1221 [238 Cal.Rptr. 841] [approaching mall patrons, as opposed to obstructing or impeding them, is constitutionally protected activity and not subject to prohibition under § 527.6].)

Furthermore, while it is possible an injunction could have been issued upon a proper showing that Sulak engaged in harassing conduct, that showing was not made here. (*Paradise Hills Associates* v. *Procel* (1991) 235 Cal.App.3d 1528, 1546 [1 Cal.Rptr.2d 514].) Instead, the record reflects that, on one occasion, Sulak watched from the back of a courtroom while Nebel performed an examination. On another occasion, while the debtor examination was conducted by an attorney, Skip Southwick, Sulak did nothing more than quietly observe the proceeding. No evidence demonstrated that he threatened, harassed, otherwise interfered with the examination, or did anything other than what he was legally entitled to do. Neither Southwick, nor the debtors being examined, the Ybarras, sought an injunction against Sulak. And based on this second incident, Nebel, who was present only to transcribe the answers of the Ybarras, did not have standing to seek an injunction. Under these circumstances, there has not been a proper showing entitling Nebel to an injunction.

### 4. *Disposition*

After reviewing the record and the pertinent law, we hold that the lower court abused its discretion and erred when it granted an injunction to Nebel and dismissed Sulak's cross-complaint. We reverse the judgment and

remand to the lower court for further proceedings in accordance with our opinion. As the prevailing party, Sulak shall be entitled to recover his costs.

Ramirez, P. J., and Richli, J., concurred.