Filed 8/29/13  Ehrlich v. Ruiz CA1/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| JAKE W. EHRLICH, III.,<br><br>　　　Plaintiff and Respondent,.<br><br>v.<br><br>HUMBERTO RUIZ, JR.,<br><br>　　　Defendant and Appellant. | A136460<br><br>(San Francisco County<br>　Super. Ct. No. CCH-12-573254) |

　　　This is an appeal from a civil harassment restraining order entered against defendant Humberto Ruiz on July 13, 2012 for the protection of plaintiff Jake W. Ehrlich. Entry of this order followed an uncontested hearing at which plaintiff testified as to the veracity of his statements describing defendant's harassment as set forth in his request for restraining order under penalty of perjury, and defendant failed to appear or to otherwise offer opposition.  We affirm.[1]

### FACTUAL AND PROCEDURAL BACKGROUND

　　　On March 27, 2007, plaintiff filed in San Francisco Superior Court a Request for Civil Harassment Restraining Order seeking protection from defendant for himself and his live-in girlfriend, Erica Scott-Kurjanowicz.  According to plaintiff's request form, he and defendant were close friends from 1983 to 2003.[2]  However, shortly thereafter, for

---

[1]　　　Plaintiff declined to file a respondent's brief.

[2]　　　The request filed by plaintiff was completed on Mandatory Judicial Form CH-100.

1

unidentified reasons, their relationship soured, with defendant beginning in 2003 a continuous course of conduct directed at plaintiff that including stalking, threatening and otherwise harming plaintiff and his girlfriend. In particular, plaintiff averred that defendant had more than once threatened to kill him, telling him, "You deserve a bullet in your head," and leaving him a voicemail on March 26, 2012 "saying something about 'bullet to my face.' " In addition to these death threats, plaintiff averred that defendant had, among other things, sent him threatening text and voicemail messages at all hours of the day and night, stolen his identity to apply for credit cards and to gain access to pornographic websites, broken a window of his home, attempted to break into his home, and spread false rumors about him. All of plaintiff's averments were made under penalty of perjury.

The day after plaintiff's request was filed in court, a temporary restraining order was issued against defendant and a notice of hearing was filed setting a court date of April 18, 2012. This temporary restraining order was subsequently reissued and the hearing date continued several times until, finally, on July 13, 2012, the court ordered that the matter would be heard despite defendant's absence.[3]

On July 13, 2012, the trial court issued a permanent Civil Harassment Restraining Order After Hearing against defendant for plaintiff's protection with an expiration date of July 13, 2015. Pursuant to this order, defendant was required to stay at least 50 yards away from plaintiff, his girlfriend (Ms. Scott-Kurjanowicz), his vehicle, his residence and his workplace. In addition, defendant was prohibited from harassing, attacking, striking, threatening, assaulting, hitting, following, stalking, destroying personal property, keeping under surveillance, blocking movement, contacting, telephoning, emailing, mailing, or taking any action, directly or indirectly, to obtain the address or location of plaintiff or Ms. Scott-Kurjanowicz.

---

[3] Defendant telephoned the court on July 13, 2012 to say he would not appear due to illness. In addition, at the previously scheduled hearing on June 29, 2012, defendant appeared and requested a continuance to obtain counsel. Although defendant's request was granted, no counsel appeared on his behalf at the July 13, 2012 continued hearing.

On September 4, 2012, defendant filed a notice of appeal of this order.

## DISCUSSION

Defendant challenges the civil harassment restraining order entered against him on July 13, 2012 pursuant to Code of Civil Procedure section 527.6 on the ground that the order was not supported by competent, clear and convincing evidence.[4] For reasons discussed below, we disagree.

To obtain a civil harassment restraining order pursuant to section 527.6, a plaintiff must show by clear and convincing evidence that he or she has been "harassed," meaning subjected to "a knowing and willful course of conduct directed at a specific person which seriously alarms, annoys, or harasses the person, and which serves no legitimate purpose." Further, the identified course of conduct must be such that a reasonable person would, as a result, suffer substantial emotional distress, and must actually cause the plaintiff to suffer substantial emotional distress. (§ 527.6, subds. (a), (b), (d).)[5]

" 'Section 527.6 was passed to supplement the existing common law torts of invasion of privacy and intentional infliction of emotional distress by providing quick relief to harassment victims threatened with great or irreparable injury. [Citation.] It was

---

[4] Unless otherwise stated, all statutory citations herein are to the Code of Civil Procedure.

[5] For purposes of section 527.6, the following definitions apply: "Course of conduct" is a "pattern of conduct composed of a series of acts over a period of time, however short, evidencing a continuity of purpose, including following or stalking an individual, making harassing telephone calls to an individual, or sending harassing correspondence to an individual by any means, including, but not limited to, the use of public or private mails, interoffice mail, facsimile, or computer email . . . ."; "Credible threat of violence" is "a knowing and willful statement or course of conduct that would place a reasonable person in fear for his or her safety, or the safety of his or her immediate family, and that serves no legitimate purpose;" "Harassment" is "unlawful violence, a credible threat of violence, or a knowing and willful course of conduct directed at a specific person that seriously alarms, annoys, or harasses the person, and that serves no legitimate purpose . . . ;" and "Unlawful violence" is "any assault or battery, or stalking as prohibited in Section 646.9 of the Penal Code, but shall not include lawful acts of self-defense or defense of others." (§ 527.6, subd. (b).) Constitutionally-protected activity is not included within the meaning of "course of conduct." (*Ibid*.)

3

enacted to protect the individual's right to pursue safety, happiness and privacy as guaranteed by the California Constitution. [Citation.]" (*Nebel v. Sulak* (1999) 73 Cal.App.4th 1363, 1369.) " 'Section 527.6 has been used where the victim has been stalked, threatened or otherwise seriously harassed. [Citations.]' [Citation.]" (*Ibid*.)

A trial court's decision to grant a restraining order or other permanent injunction is a matter left to its sound discretion and will not be disturbed on appeal absent a showing of clear abuse of discretion. (*Shapiro v. San Diego City of Council* (2002) 96 Cal.App.4th 904, 912.) On appeal, "[w]e resolve all factual conflicts and questions of credibility in favor of the prevailing party and indulge in all legitimate and reasonable inferences to uphold the finding of the trial court if it is supported by substantial evidence which is reasonable, credible and of solid value." (*Schild v. Rubin* (1991) 232 Cal.App.3d 755, 762.)

Here, the trial court granted the injunction prohibiting defendant from engaging in a wide-range of harassing activities and from being within 50 yards of plaintiff, his girlfriend, vehicle, residence and workplace, for a period of three years. In doing so, the trial court accepted plaintiff's description of defendant's past and ongoing harassment, as set forth in the request for restraining order, after plaintiff, a sworn witness, confirmed in open court that all of the information in his request form "is true and correct." No further showing was required. Given this substantial evidence of a course of harassing conduct that would cause a reasonable person to suffer substantial emotional distress, and did cause plaintiff to suffer such distress, the trial court's decision to grant plaintiff's request for a restraining order was proper. (§ 527.6, subds. (a), (b), (d)); see also *Greenwich S.F., LLC v. Wong* (2010) 190 Cal.App.4th 739, 767-768 [a single witness's statements may constitute substantial evidence].)

In reaching this conclusion, we note that, at no time before the trial court did defendant, who was absent from and unrepresented by counsel at the hearing, object to

any statement or information in plaintiff's request for restraining order.[6]  As such, plaintiff has forfeited any right on appeal to challenge the trial court's admission of this evidence.  "To obtain reversal based on the erroneous admission of evidence, the record must show a timely objection making clear that specific ground. ([Evid. Code] § 353; *In re C.B.* (2010) 190 Cal.App.4th 102, 132 . . . [hearsay objections 'waived by the failure to object below'].)  Lack of such objection deprives the proponent of the evidence an opportunity to establish a better record or some alternative basis for admission.  (See *People v. Waidla* (2000) 22 Cal.4th 690, 717 . . . .)" (*Duronslet v. Kamps* (2012) 203 Cal.App.4th 717, 726.)  Indeed, the statutory procedures under section 527.6 are quite straightforward:  " '[I]f it is offered, relevant oral testimony must be taken from available witnesses, and the trial court cannot issue an injunction unless it finds, by clear and convincing evidence, that unlawful harassment already exists in fact.' [Citation.] . . . [A]t a hearing to obtain an injunction pursuant to section 527.6, '*[b]oth sides may offer evidence by deposition, affidavit, or oral testimony, and the court shall receive such evidence*, subject only to such reasonable limitations as are necessary to conserve the expeditious nature of the harassment procedure set forth by . . . section 527.6.' " [Citation.]; see *Kaiser Foundation Hospitals v. Wilson* (2011) 201 Cal.App.4th 550, 556 . . . . [trial court properly considered hearsay evidence when deciding whether to issue a restraining order pursuant to Code Civ. Proc., § 527.8, former subd. (f), which permitted the court to 'receive any testimony that is relevant' when issuing an injunction preventing workplace violence].)" (*Duronslet v. Kamps* (2012) 203 Cal.App.4th 717, 729, quoting *Schraer v. Berkeley Property Owners' Assn.* (1989) 207 Cal.App.3d 719, 733 [italics added]; see also § 527.6, subd. (h) ["respondent may file a response that explains, excuses, justifies, or denies the alleged harassment or may file a cross-petition under this section"].)  As such, where, as here, the defendant fails to offer any evidence of his own *or* to object to the evidence offered by his opponent, in writing or in person, and then offers *no justification* for his failure to act, the defendant has no grounds upon which to

---

[6]      As mentioned above, defendant requested and was granted a continuance to secure representation at the previous hearing, yet no counsel appeared on his behalf.

5

complain on appeal. To the contrary, under these circumstances, we stand by the trial court's decision to accept as credible the unchallenged and sworn testimony and statements of the person seeking protection that substantial harassment has occurred and continues to occur.  (*Schild v. Rubin, supra,* 232 Cal.App.3d at p. 762.)

## DISPOSITION

The July 13, 2012 civil harassment restraining order is affirmed.


_____
Jenkins, J.


We concur:


_____
McGuiness, P. J.


_____
Pollak, J.