Filed 7/1/25  In re Avilas on Habeas Corpus CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

In re JULIAN AVILAS

on Habeas Corpus.

E085413

(Super.Ct.No. FSB24004087)

OPINION

ORIGINAL PROCEEDINGS; petition for writ of habeas corpus.  Rafael A. Arreola, Judge.  Petition denied.

Civil Rights Corps, Carson White, Katherine Hubbard, and Salil Dudani for Petitioner.

Jason Anderson, District Attorney (San Bernardino), and Brent J. Schultze, Deputy District Attorney on behalf of Respondent.

In this habeas corpus proceeding, petitioner Julian Avilas challenged the superior court's setting of bail.  We issued a tentative opinion in which we indicated that we were

1

inclined to grant the petition. Avilas subsequently entered a plea of no contest and has been sentenced. We consequently deny the petition as moot.

## BACKGROUND

Avilas was arrested in early November 2024. Two days later, the San Bernardino County District Attorney filed a felony complaint charging Avilas with numerous felony and misdemeanor offenses. At arraignment, the court denied Avilas's motion to be released on his own recognizance and set bail at $200,000. At the subsequent preliminary hearing, the court held Avilas to answer on all charges and set bail at $75,000.

In January 2025, Avilas filed this habeas corpus petition challenging the imposition of bail. We summarily denied the petition. The California Supreme Court granted review and transferred the matter back to this court with directions to vacate the summary denial order and issue an order to show cause, which we did. We subsequently issued a tentative opinion indicating that we were inclined to grant the petition. Ten days later, we granted the People leave to file a supplemental written return. According to the attached exhibits, Avilas pled no contest to two felony offenses after issuance of our tentative opinion and was sentenced to 16 months in state prison. The People argued that we should deny the petition as moot. We gave Avilas an opportunity to file a supplemental traverse addressing that issue.

2

DISCUSSION

As with an appeal, a petition for writ of habeas corpus generally will be denied as moot if an event has occurred while the petition is pending that renders it impossible to grant the petitioner effective relief. (*Nebel v. Sulak* (1999) 73 Cal.App.4th 1363, 1368; *In re Webb* (2019) 7 Cal.5th 270, 271-272, 278.) Avilas's pretrial detention is "over, and there is no longer any effective relief this court can provide." (*In re White* (2020) 9 Cal.5th 455, 471-472 (*White*) (conc. opn. of Kruger, J.).) The petition for writ of habeas corpus is consequently moot. (*Id.* at p. 471, conc. opn. of Kruger, J.).) "That is not, of course, the end of the matter." (*Id.* at p. 472 (conc. opn. of Kruger, J.).) The general rule of dismissal is subject to three exceptions: (1) The case involves an issue of broad public interest that is likely to recur; (2) the controversy between the parties might recur; and (3) a material question remains for the court to resolve. (*Malatka v. Helm* (2010) 188 Cal.App.4th 1074, 1088; *Nebel*, at p. 168.)

None of the exceptions applies. There is not a likely recurrence of the controversy between the parties, and no material issues remain that require resolution. Avilas argues that the matter is an issue of broad public importance likely to recur and to evade review because of the time-limited nature of pretrial detention. The importance of the issue notwithstanding, we decline to exercise our discretion to review the moot issue. The issue presented was not novel, and an opinion addressing the merits would not otherwise satisfy the standards for publication. (Cal. Rules of Court, rule 8.1105(c).) And an unpublished opinion addressing the merits would not "provide much meaningful

3

guidance to courts or the public."  (*White*, *supra*, 9 Cal.5th at p. 472 (conc. opn. of

Kruger, J.).)

DISPOSITION

The petition for writ of habeas corpus is denied as moot.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MENETREZ       <br>J.

We concur:


McKINSTER       
      Acting P. J.


MILLER        
      J.