[No. B169107. Second Dist., Div. Seven. Oct. 20, 2003.]

In re LEONARD JAMES McSHERRY, on Habeas Corpus.

**COUNSEL**

Mark E. Overland for Petitioner.

Steve Cooley, District Attorney, Brent D. Riggs and Jessica Goulden, Deputy District Attorneys, for Plaintiff and Respondent.

**OPINION**

**MUÑOZ (Aurelio), J.—** ■ Penal Code section 1272[1] provides that a criminal defendant who has been convicted of a misdemeanor, but not yet sentenced, has an absolute right to bail. We issued a writ of habeas corpus to consider the question of whether a trial court may impose reasonable bail conditions on the granting of that bail. We hold that it may, but that the conditions have to be reasonable and related to public safety.

### FACTUAL AND PROCEDURAL BACKGROUND

In April 2003, petitioner, Leonard James McSherry, was charged with violating five counts of Penal Code section 653g (loitering about schools). At the initial bail hearing the prosecutor informed the court that petitioner had been convicted in 1974 of abducting an eight-year-old girl and placing her

---

[1] Unless otherwise indicated, all further references shall be to the Penal Code.

into his car, where he proceeded to masturbate in front of her. In 1979 he was sentenced to state prison after he grabbed a 15-year-old girl from a school, told her he was a police officer, drove to another location, masturbated in front of her and then digitally penetrated her. In 1986 he was convicted of five separate counts of violating section 653g and served two and one-half years in the county jail.[2] In 1989 he was convicted of rape and subsequently released when DNA tests proved he was not the perpetrator. Released from custody in 1991, he had been observed around schools where children were playing. Based upon those representations, the trial court set bail at $50,000 per count.

After a jury trial petitioner was convicted on three of the five counts. The jury found him not guilty as to a fourth count and was unable to arrive at a verdict as to the fifth. After petitioner was sentenced to 18 months in county jail, he requested bail on appeal. The trial court elected to continue the $250,000 bail, the same amount as it had been prior to trial, with no other conditions. On July 14 and 15, 2003, the trial court held a hearing and issued a nunc pro tunc order imposing conditions on petitioner's bail pending appeal. The court stated it was doing so out of concern for public safety.

The specific conditions were (1) petitioner was not to drive any motor vehicle; (2) petitioner was to stay at least 500 yards away from children under the age of 17; and (3) petitioner was to stay at least 500 yards away from any school, park, playground, daycare center or swimming pool in which children were present.

On July 24, 2003, petitioner was once again arrested and a new case was filed against him alleging five separate violations of section 166, subdivision (a)(4) (willful violation of court order in that he did not stay away from parks and schools). Based upon the alleged violations, the court exonerated petitioner's $250,000 bail and reset bail in the amount of $1 million.

This petition for writ of habeas corpus followed.

## DISCUSSION

### A.   *The Standard for Review*

█   Habeas corpus is an appropriate vehicle by which to raise questions concerning the legality of bail grants or deprivations. (*In re Catalano* (1981) 29 Cal.3d 1, 8 [171 Cal.Rptr. 667, 623 P.2d 228]; *In re Newbern* (1961) 55

---

[2] That conviction had been the subject of another writ of habeas corpus. (*McSherry v. Block* (9th Cir. 1989) 880 F.2d 1049.)

Cal.2d 500, 503 [11 Cal.Rptr. 547, 360 P.2d 43].) ■ In evaluating petitioner's contentions, this court may grant relief without an evidentiary hearing if the return admits allegations in the petition that, if true, justify relief. (*In re Fields* (1990) 51 Cal.3d 1063, 1070, fn. 2 [275 Cal.Rptr. 384, 800 P.2d 862]; *In re Sixto* (1989) 48 Cal.3d 1247, 1252 [259 Cal.Rptr. 491, 774 P.2d 164]; *In re Saunders* (1970) 2 Cal.3d 1033, 1047–1048 [88 Cal.Rptr. 633, 472 P.2d 921]; see, e.g., *People v. Frierson* (1979) 25 Cal.3d 142 [158 Cal.Rptr. 281, 599 P.2d 587]; *In re Haygood* (1975) 14 Cal.3d 802, 805 [122 Cal.Rptr. 760, 537 P.2d 880].) On the other hand, we may deny the petition, without an evidentiary hearing, if we are persuaded the contentions in the petition are without merit. (See, e.g., *People v. Karis* (1988) 46 Cal.3d 612, 653–657 [250 Cal.Rptr. 659, 758 P.2d 1189]; *People v. Babbitt* (1988) 45 Cal.3d 660 [248 Cal.Rptr. 69, 755 P.2d 253]; *People v. Romero* (1994) 8 Cal.4th 728, 739 [35 Cal.Rptr.2d 270, 883 P.2d 388].)

### B. *The Trial Court Had the Authority to Impose Bail Conditions*

Section 1272 provides in relevant part, "After conviction of an offense not punishable with death, a defendant who has made application for probation or who has appealed may be admitted to bail: [¶] . . . [¶] 2. As a matter of right, before judgment is pronounced pending application for probation in cases of misdemeanors, or when the appeal is from a judgment imposing imprisonment in cases of misdemeanors." Thus, petitioner, who had received jail sentences for his convictions, was absolutely entitled to bail. (*In re Newbern, supra*, 55 Cal.2d at p. 503.) Furthermore, in setting bail the court had to take into account the factors set forth in section 1275. (*Newbern*, at p. 504.)

*Newbern* was a case where the defendant was repeatedly arrested for public intoxication. (§ 647, subd. (f).) His intoxication was such a problem that he once made a court appearance while under the influence of alcohol. After he had been convicted and sentenced on two separate counts, the court set bail on appeal in the sum of $500 as to each count and bail at $100 was set on a new charge of public drunkenness. Newbern filed a petition for habeas corpus contending the bail was too high. The Supreme Court stated, "The absolute right to bail extends to the pendency of an appeal after judgment imposing imprisonment in cases of misdemeanor. (Pen. Code, § 1272, subd. 2.) Thus, Newbern had the constitutional and statutory right to be released on a reasonable bail as to all charges with which we are here concerned. The only permissible purpose of such bail, whether before or after conviction, is 'practical assurance that defendant will attend upon the court when his presence is required.' " (*In re Newbern, supra,* 55 Cal.2d at pp. 503–504.) However, the court then went on to state that considering Newbern's habitual drunkenness, his prior disruption of court proceedings due to his intoxication, the fact

he was appearing representing himself as opposed to being represented by "sober counsel," and the fact he was facing a year in jail justified the court's imposing of the bail. (*Id.* at p. 504.)

In 1961, when *Newbern* was decided, section 1275 provided the judge setting bail was "to take into consideration the seriousness of the offense charged, the previous criminal record of the defendant, and the probability of his appearance . . . ." That section was amended by the Legislature in 1987 to its present form which now reads, "(a) In setting, reducing, or denying bail, the judge or magistrate shall take into consideration *the protection of the public*, the seriousness of the offense charged, the previous criminal record of the defendant, and the probability of his or her appearing at trial or hearing of the case. *The public safety shall be the primary consideration.*" (Italics added.) ▮ Thus, public safety, not the certainty of appearance, is now the primary factor for the court to consider in the setting of bail.

Petitioner's reliance on *People v. Barbarick* (1985) 168 Cal.App.3d 731, 736 [214 Cal.Rptr. 322] and its statements that public safety is not to be considered in imposing bail conditions is misplaced. *Barbarick* was decided in 1985, two years before the amendment to section 1275. Furthermore, in *In re York* (1995) 9 Cal.4th 1133 [40 Cal.Rptr.2d 308, 892 P.2d 804], the California Supreme Court was considering a similar contention as it related to judges imposing "search conditions" on defendants who were being released on their own recognizance (O.R.). The language of enabling statute (§ 1318) was ambiguous at best as to whether this was proper. Nonetheless, the Supreme Court stated, "Viewed and analyzed in the light of basic rules relating to the interpretation of statutes, we find that, although nothing in the legislative history specifically addresses the question whether the Legislature intended to permit OR releases to be conditioned upon a waiver of Fourth Amendment rights, it is clear the Legislature intended to codify the authority of a court or magistrate, in imposing OR conditions, to weigh considerations relating to the public safety that extend beyond those intended to ensure subsequent court appearances." (*In re York, supra,* at p. 1144.)

If the bail statutes are read as argued by petitioner, then the change in section 1275 is rendered superfluous for people convicted of misdemeanors. Additionally, petitioner ignores section 1270 which provides that a person charged with a misdemeanor is entitled to an O.R. release unless the court finds release of the defendant is likely to compromise public safety. If the court denies an O.R. release "the court shall then set bail and specify the conditions, if any, whereunder the defendant shall be released." (*Ibid.*) In making these determinations, "[p]ublic safety shall be the primary consideration." To accept petitioner's contentions would mean that a court has the power to impose bail conditions on a person who has merely been charged

with a crime and before the nature of his involvement has been determined, but once the defendant has been found guilty and found to be deserving of the maximum sentence, then the court must release the defendant as a matter of right and is powerless to impose any conditions on his or her bail.

Such an interpretation is nonsensical. Petitioner's arguments also lead to the conclusion that even though a court can set bail conditions for an unconvicted misdemeanant, it could not do so for a person charged with a violent or serious felony because "conditions" are not mentioned in section 1270.1. Likewise, if a defendant has been convicted of a felony, under petitioner's view, even though the right is bail is discretionary, the court is powerless to impose bail conditions even though the defendant's conviction may present a significant legal issue which could lead to a reversal and even though sections 1272 and 1272.1 require the judge to state on the record the reasons for or against granting bail. This cannot be what the legislature intended.

In determining the legislative intent, we "should ascertain the intent of the Legislature so as to effectuate the purpose of the law." (*Select Base Materials v. Board of Equal.* (1959) 51 Cal.2d 640, 645 [335 P.2d 672].) ■ We must also give the provision a reasonable and commonsense interpretation consistent with the apparent purpose and intention of the lawmakers, practical rather than technical in nature, which upon application will result in wise policy rather than mischief or absurdity. (*United Business Com. v. City of San Diego* (1979) 91 Cal.App.3d 156, 170 [154 Cal.Rptr. 263].) Significance, if possible, should be attributed to every word, phrase, sentence and part of an act in pursuance of the legislative purpose, as "the various parts of a statutory enactment must be harmonized by considering the particular clause or section in the context of the statutory framework as a whole." (*Moyer v. Workmen's Comp. Appeals Bd.* (1973) 10 Cal.3d 222, 230 [110 Cal.Rptr. 144, 514 P.2d 1224].) " 'The court should take into account matters such as context, the object in view, the evils to be remedied, the history of the times and of legislation upon the same subject, public policy, and contemporaneous construction.' " (*Cossack v. City of Los Angeles* (1974) 11 Cal.3d 726, 733 [114 Cal.Rptr. 460, 523 P.2d 260]; *Marshall M. v. Superior Court* (1999) 75 Cal.App.4th 48, 55 [88 Cal.Rptr.2d 891].)

Here, we have a constitutional provision that mandates, with certain exceptions, that persons involved in the criminal process have the right to have reasonable bail set. (Cal. Const., art. I, § 12.) We also have a statute that states a sentence misdemeanant has an absolute right to be released on bail while an appeal is pending. (§ 1272.) Within the bail statutory framework is the Legislature's overriding theme; the safety of the public is of paramount importance. (See §§ 1269c, 1270, 1270.1, 1272.1, and 1275.) At the time of

the amendments to the sections just cited, and since, the Legislature of this state has been concerned with public safety and the need to protect that public. Just as in *York*, the legislative history is ambivalent on the issue.

█ Given the circumstances of the Legislation and the overall plan, it would defeat the Legislature's purpose to hold that a person who has been to prison once for kidnapping and abusing a child, has been sent to a state mental hospital for mentally disordered sex offenders and has been convicted of at least eight separate misdemeanors involving loitering in and around schools and places where children congregate, was absolutely entitled to remain free on bail without any restrictions or conditions being placed upon his movements. Accordingly we hold that under section 1272, a trial court has the right to place restrictions on the right to bail of a convicted misdemeanant as long as those conditions relate to the safety of the public.[3]

### C. *The Bail Conditions Must Be Reasonable*

Petitioner next argues the bail conditions were unreasonable. In support of the argument that the 500-yard[4] restriction is unreasonable, he has provided the court with a map of the area where he lives and a 500-yard overlay that indicates as soon as petitioner stepped out of his front door he was immediately in violation of his bail conditions. █ We are of the opinion that a 500-yard restriction is too great. A 200-yard[5] restriction will suffice and still serve to protect the public. Accordingly, the 500-yard restriction should be modified to 200 yards. Petitioner also contends the restriction on his driving privilege is also unreasonable. However, considering that he has used his car to abduct children in the past, the restriction is reasonable.

### DISPOSITION

The 500-yard bail conditions are modified to 200 yards. In all other respects the petition is denied.

Perluss, P. J., and Woods, J., concurred.

A petition for a rehearing was denied November 20, 2003, and petitioner's petition for review by the Supreme Court was denied February 4, 2004. George, C. J., did not participate therein.

---

[3] Petitioner argues that imposing conditions on bail is more akin to probation than it is to bail. While that may be the case, nonetheless the convicted misdemeanant has been sentenced and is merely waiting for a decision on an appeal. Under those circumstances it does not seem unreasonable to impose conditions that are for the protection of the public.

[4] For the uninitiated, that is almost a third of a mile

[5] This was the distance the court first indicated it was considering, but the prosecutor argued for and convinced the court 500 yards was reasonable.