Filed 6/16/16

**CERTIFIED FOR PUBLICATION**


IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE


| | |
|---|---|
| JOHN HERBERT INNES, as Trustee, etc., et al., | |
|     Plaintiffs and Appellants, | A145528 |
| v. | (Alameda County |
| DIABLO CONTROLS, INC., | Super. Ct. No. HG15761845) |
|     Defendant and Respondent. | |


John Herbert Innes and Catherine Lynne Innes, as Trustees of the Innes Family Trust UDT April 22, 1992, appeal the trial court's order denying their petition to compel inspection of certain records of respondent Diablo Controls, Inc. (Diablo Controls) pursuant to Corporations Code, section 1601.[1]  We agree with *Jara v. Suprema Meats, Inc.* (2004) 121 Cal.App.4th 1238 (*Jara*) that section 1601 requires that the records be made available for inspection at the office where such records are kept.  Further, we reject appellants' contention that *Jara* does not govern records like those in this case that are maintained out-of-state.  Accordingly, we affirm.

BACKGROUND

Appellants are shareholders of Diablo Controls, a California corporation.  In February 2015, appellants submitted a written demand to inspect Diablo Controls' accounting books and records; the minutes of proceedings of shareholders, the board, and

---

[1] All undesignated section references are to the Corporations Code.

1

committees of the board; and certain other records.[2] The demand requested the inspection take place at Diablo Controls' California office. The requested records were located in a Diablo Controls office in Illinois. Diablo Controls shipped records to California and made them available for appellants' inspection at its counsel's California office.

Appellants found the records available for inspection to be incomplete and filed the instant petition for a writ of mandate in March 2015. Appellants argued Diablo Controls' failure to make all requested records available for inspection violated section 1601. After the petition was filed, Diablo Controls mailed appellants copies of additional records and made other records available for inspection at its counsel's California office. Appellants claimed the records were still incomplete.

Diablo Controls opposed the petition on the ground, inter alia, that section 1601 only obligated it to make the records available for inspection at its Illinois office. The trial court agreed in an order denying the petition and dismissing the action. The court's order noted that if Diablo Controls failed to make records available for inspection at its Illinois office, appellants could file a new writ petition. This appeal followed.[3]

DISCUSSION

Section 1601 provides, in relevant part: "(a) The accounting books and records and minutes of proceedings of the shareholders and the board and committees of the board of any domestic corporation, and of any foreign corporation keeping any such records in this state or having its principal executive office in this state, shall be open to inspection upon the written demand on the corporation of any shareholder . . . at any reasonable time during usual business hours, for a purpose reasonably related to such holder's interests as a shareholder . . . . [¶] (b) Such inspection by a shareholder . . . may

---

[2] Background regarding the dispute between the parties and related litigation is not relevant to this appeal.

[3] "An order denying a petition for writ of mandamus and dismissing the action is considered an appealable judgment." (*Bernard v. City of Oakland* (2012) 202 Cal.App.4th 1553, 1558, fn. 3.)

2

be made in person or by agent or attorney, and the right of inspection includes the right to copy and make extracts. . . .” Appellants argue section 1601 obligates Diablo Controls to make the specified records available for inspection in California. We disagree.[4]

" 'As in any case involving statutory interpretation, our fundamental task here is to determine the Legislature's intent so as to effectuate the law's purpose.' [Citation.] We begin by examining the statutory language because the words of a statute are generally the most reliable indicator of legislative intent. [Citations.] We give the words of the statute their ordinary and usual meaning and view them in their statutory context. [Citation.] We harmonize the various parts of the enactment by considering them in the context of the statutory framework as a whole. [Citations.] 'If the statute's text evinces an unmistakable plain meaning, we need go no further.' " (*In re C.H.* (2011) 53 Cal.4th 94, 100.)[5]

Section 1601 requires only that the identified records "shall be open to inspection . . . at any reasonable time during usual business hours . . . ." The statute does not specify *where* the records shall be made open to inspection. As *Jara* concluded "[t]he statutory language requiring that the records 'be open to inspection . . . at any reasonable time during usual business hours' clearly implies that they may be inspected *at the office*

---

[4] Because we affirm the trial court's order on this ground, we need not reach Diablo Controls' alternative argument that appellants were not entitled to writ relief because they had an adequate remedy at law. Accordingly, we deny Diablo Controls' December 30, 2015 request for judicial notice of documents related to this argument.

[5] Appellants suggest we are not bound by our interpretation of the statute, quoting *In re Reno* (2012) 55 Cal.4th 428, 522, for the proposition that " ' " '[c]ourts have inherent power . . . to adopt any suitable method of practice, both in ordinary actions and special proceedings, if the procedure is not specified by statute or by rules adopted by the Judicial Council.' " ' " Our inherent power to adopt litigation procedures does not authorize us to create substantive shareholder rights beyond those expressed in the Corporations Code. (*Doe v. City of Los Angeles* (2007) 42 Cal.4th 531, 545 ["in construing this, or any statute, we may not broaden or narrow the scope of the provision by reading into it language that does not appear in it or reading out of it language that does"].)

*where the records are kept.*" (*Id.* at p. 1263, italics added [holding § 1601 does not require corporation to copy records and send them to shareholder].)

Appellants attempt to distinguish *Jara* on the ground that the corporation in that case apparently kept its records in a California office. Appellants argue *Jara* does not govern cases involving records maintained out of state, and in such cases the inspection must take place in California. We disagree. There is no basis in the statutory language to impose such a requirement. In fact, the statute contemplates there will be records subject to inspection which are kept out of state: it applies to "any foreign corporation keeping any such records in this state *or having its principal executive office in this state.*" (§ 1601, subd. (a), italics added.) This language encompasses a foreign corporation which has its principal executive office in California but does not keep any of the identified records in California. Yet the statute makes no provision that the records be brought in state for the inspection.

Moreover, a different section of the Corporations Code *does* make such provision. Section 213 provides: "Every corporation shall keep at its principal executive office in this state, or if its principal executive office is not in this state at its principal business office in this state, the original or a copy of its bylaws as amended to date, which shall be open to inspection by the shareholders at all reasonable times during office hours. If the principal executive office of the corporation is outside this state and the corporation has no principal business office in this state, it shall upon the written request of any shareholder furnish to such shareholder a copy of the bylaws as amended to date." Section 213 specifies the bylaws must be either open to inspection in California or furnished to a shareholder on request. " ' "[W]here a statute, with reference to one subject contains a given provision, the omission of such provision from a similar statute concerning a related subject . . . is significant to show that a different intention existed." ' " (*People v. Cottle* (2006) 39 Cal.4th 246, 254.) Section 213 therefore confirms our interpretation of section 1601, which contains no similar provision.

Appellants and Diablo Controls dispute whether Diablo Controls' principal business office is located in California or Illinois. We see no relevance to this debate.

4

Appellants have identified no authority requiring a corporation to keep the section 1601 records in its principal business office. In contrast, other statutes do specify where certain corporate records must be kept. (§ 213 [corporation shall keep bylaws "at its principal executive office in this state, or if its principal executive office is not in this state at its principal business office in this state," or else furnish them to shareholders on request]; § 1500 [corporation "shall keep at its principal executive office, or at the office of its transfer agent or registrar, a record of its shareholders"].)[6] Even assuming Diablo Controls has a California principal business office, appellants have not shown it must maintain the section 1601 records at that location.

Appellants also argue Diablo Controls agreed to bring the records to California. Any such agreement has no bearing on whether appellants are entitled under section 1601 to a court order compelling Diablo Controls to do so.

Appellants argue that, under the interpretation of the statute we adopt, a corporation could intentionally avoid the inspection authorized by section 1601 by sending the records far away. *Jara* noted a similar concern about "corporate action calculated to thwart exercise of the rights [section 1601] extends to shareholders, i.e., . . . an action impeding the process of inspection. The statute should be construed so as ' "to effectuate the purpose of the law." ' " (*Jara, supra,* 121 Cal.App.4th at p. 1264.) We agree that maintaining the records in a remote location to intentionally impede inspection would be contrary to the purpose of section 1601. However, there is no evidence of such obstruction here. To the contrary, Diablo Controls voluntarily and at its own expense transported many of the requested documents to California for appellants' inspection. In addition, appellants have not alleged that requiring them to inspect the records in Illinois will preclude their ability to exercise their section 1601 inspection rights.

---

[6] Notably, section 1500 specifies corporations "shall keep adequate and correct books and records of account and shall keep minutes of the proceedings of its shareholders, board and committees of the board," but does not specify where such records shall be kept.

5

DISPOSITION

The order is affirmed.  Respondent is awarded its costs on appeal.

_____

SIMONS, J.

We concur.

_____

JONES, P.J.

_____

BRUINIERS, J.

(A145528)

6

Superior Court of Alameda County, No. HG15761845, Hon. Ioana Petrou, Judge.

Roberts & Elliott, James Roberts and Sharmi Shah for Plainiffs and Appellants.

Greenan, Peffer, Sallander & Lally, James S. Greenan and Edward Romero for Defendant and Respondent.