# IN THE SUPREME COURT OF CALIFORNIA

In re BETTIE WEBB
on Habeas Corpus

S247074

Fourth Appellate District, Division One
D072981

San Diego County Superior Court
HC11619 & SCS293150

May 23, 2019

Justice Chin authored the opinion of the court, in which Chief Justice Cantil-Sakauye and Justices Corrigan, Liu, Cuéllar, Kruger, and Groban concurred.

IN RE WEBB

S247074


Opinion of the Court by Chin, J.


Bettie Webb, defendant in the underlying criminal matter, was arrested and charged with two felony counts. She posted bail and was released from custody. At arraignment, the court imposed, as an additional condition of release, that she waive her Fourth Amendment right to be free of warrantless or unreasonable searches. We granted review to decide whether, when a criminal defendant posts bail, the court has authority to impose additional release conditions. We conclude that the court does have authority to impose reasonable conditions related to public safety. Because the question has become moot as to defendant, we do not decide whether the court properly imposed the specific condition.

## I. FACTUAL AND PROCEDURAL HISTORY

As the Court of Appeal summarized, defendant "was arrested and eventually charged in a felony complaint with knowingly bringing controlled substances into a state prison (Pen. Code, § 4573)[1] and unauthorized possession of a controlled substance in a prison (§ 4573.6). She posted a $50,000 bond in accordance with the bail schedule and was released. At her arraignment, Webb pleaded not guilty to the charges, but over her objection the magistrate imposed a condition that she would be subject to a Fourth Amendment

---

[1] All further statutory citations are to the Penal Code.

1

waiver, finding it had inherent authority to do so." (*In re Webb* (2018) 20 Cal.App.5th 44, 47, fns. omitted (*Webb*).) Specifically, the court ordered defendant to " 'submit your person, property, vehicle, personal effects to search at any time and any place, with or without a warrant, with or without reasonable cause when required by a pretrial services officer, a probation officer, or any other law enforcement officer.' " (*Id.* at p. 47, fn. 2.)

Defendant challenged the search condition by a petition for writ of habeas corpus in the superior court, which that court denied. She then filed the instant "petition for a writ of habeas corpus contending the magistrate lacked statutory or inherent authority to impose the bail search condition, and imposition of the condition constitutes a pretrial restraint without due process protections such as notice and a hearing or any showing that she poses a heightened risk of misbehaving while on bail." (*Webb*, *supra*, 20 Cal.App.5th at pp. 47-48; see *People v. Standish* (2006) 38 Cal.4th 858, 884 ["defendants may correct error in the setting of bail by seeking a writ of habeas corpus or other extraordinary writ ordering reconsideration of custody status or release"].)

The Court of Appeal issued an order to show cause. Ultimately, the majority concluded the trial court had neither statutory nor inherent authority to condition defendant's bail on a Fourth Amendment waiver, and it ordered the condition vacated. It disagreed with language in *Gray v. Superior Court* (2005) 125 Cal.App.4th 629 (*Gray*) and *In re McSherry* (2003) 112 Cal.App.4th 856 (*McSherry*) that concluded that, even when a defendant posts bail, the court has inherent authority to impose reasonable bail conditions. Because the majority concluded the court had no authority to impose the condition at

all, it did "not reach Webb's contention that the court denied her due process rights to notice and a fair hearing in imposing the bail condition." (*Webb*, *supra*, 20 Cal.App.5th at p. 57.)

Acting Presiding Justice Benke authored a concurring opinion. Relying heavily on *Gray*, *supra*, 125 Cal.App.4th 629, and *McSherry*, *supra*, 112 Cal.App.4th 856, she argued "that a trial court has inherent authority to impose conditions on a defendant's release, even when a defendant is able to post the amount of bail set forth in the court's bail schedule." (*Webb*, *supra*, 20 Cal.App.5th at p. 57 (conc. opn. of Benke, Acting P.J.).) However, noting that this authority is "fairly narrow" (*id.* at p. 59), she agreed that the court erred in imposing the search condition under the circumstances. She argued that when defendant had posted bail and her guilt had not been established, "any invasion of her other constitutional rights must be closely connected to a risk of flight or a risk of harm to the community and based on a factual record which supports such intrusion. Importantly, where a condition of bail invades a constitutional right, trial courts must consider whether the extent of the invasion is warranted by the nature and imminence of the risk, and whether . . . there are alternative means of protecting the public's interests. [Citation.] While it is true, as the trial court stated, that given the circumstances which gave rise to the charges against Webb, there is some likelihood she is a habitual drug user and associates with other drug users and distributors, on this record which comes to us only after her arraignment, I am not convinced the fairly intrusive remedy of imposing a Fourth Amendment waiver on her is appropriate. Such a waiver is unrelated to any flight risk

and only indirectly related to preventing harm to the community, as opposed to Webb herself." (*Id*. at pp. 59-60.)

The San Diego County District Attorney petitioned for review, raising a single issue: "Do trial courts possess inherent authority to impose reasonable bail conditions related to public safety on felony defendants who are released on monetary bail?" We granted the petition to resolve the conflict between the majority opinion in the Court of Appeal and the opinions in *Gray*, *supra*, 125 Cal.App.4th 629, and *McSherry*, *supra*, 112 Cal.App.4th 856.

## II. DISCUSSION

The district attorney informs us that, after the petition for review was filed, the underlying matter was resolved by a guilty plea and probation disposition. Accordingly, this question is moot as to defendant. Nevertheless, the district attorney urges us to decide "the issue presented because it presents a question of statewide general public concern." We agree. "We have discretion to decide otherwise moot cases presenting important issues that are capable of repetition yet tend to evade review." (*Conservatorship of Wendland* (2001) 26 Cal.4th 519, 524, fn. 1.) Questions involving release on bail especially tend to evade review. Accordingly, we will decide the issue presented even though it is moot as to defendant.

Regarding the merits, we note preliminarily what the issue does *not* involve. The petition for review presented only the broad question of whether trial courts have authority to impose conditions on felony defendants who are released on bail, i.e., the point on which the majority below disagreed with *Gray*, *supra*, 125 Cal.App.4th 629, and *McSherry*, *supra*, 112 Cal.App.4th 856. The district attorney expressly did not seek

review of the specific question "of whether the bail condition imposed in this case was a proper exercise of the trial court's inherent authority." Additionally, this question has become moot as to defendant. Accordingly, we need not and do not decide the narrow question.

We are also aware that recent legislation, titled "Pretrial release or detention: pretrial services," makes major changes in California's pretrial release procedures. (§§ 1320.7 et seq.; Sen. Bill No. 10 (2017-2018 Reg. Sess.).) If and when that legislation becomes the law, the issue here will become moot, as release procedures will be governed by statute. By its terms, the new legislation was to be effective October 1, 2019. (§ 1320.6; Stats. 2018, ch. 244, § 3.) Following its enactment, this legislation was suspended pursuant to a referendum petition. Now, it will only be effective if approved as a referendum measure at the November 2020 election. Accordingly, the issue before us remains important.

Finally, defendant did post bail. For this reason, the issues regarding the propriety of requiring bail as a condition of release raised in *In re Humphrey* (2018) 19 Cal.App.5th 1006, review granted May 23, 2018, S247278, are not presented. We express no opinion regarding the recent legislation or the issues raised in *Humphrey*.

In *In re York* (1995) 9 Cal.4th 1133 (*York*), we held that a trial court could condition the release of an accused on his or her own recognizance on "the defendant's agreement to submit to random drug testing and warrantless search and seizure during that period." (*Id.* at p. 1137.) In doing so, however, we distinguished between persons released on their own recognizance and those released after posting bail. We said that

the petitioner's challenge to the release condition "rests upon the flawed premise that a defendant who seeks [own recognizance] release has the same reasonable expectation of privacy as that enjoyed by persons not charged with any crime, and by defendants who have posted reasonable bail." (*Id.* at p. 1149.)

The majority below believed that *York*'s distinguishing between those released on their own recognizance and those released on bail in this way was a "persuasive indication" that such a condition could not be placed on a person who, like defendant, has posted bail. (*Webb*, *supra*, 20 Cal.App.5th at p. 53.) But *York* did not confront — let alone decide — the question now before us: whether any release conditions may be imposed on felony defendants who post money bail at the scheduled amount.

Two cases postdating *York*, however, considered whether a court may impose release conditions on a person who has posted bail. In *McSherry*, *supra*, 112 Cal.App.4th 856, a case involving misdemeanor charges, the court held that "a trial court may impose reasonable bail conditions on the granting of that bail," but it also cautioned that "the conditions have to be reasonable and related to public safety." (*Id.* at p. 858.) The court modified the conditions the trial court had imposed. As modified, it upheld conditions that the petitioner — who had been convicted in the past of sex-related crimes involving children and a vehicle — (1) not drive a motor vehicle, (2) stay at least 200 yards away from children under the age of 17, and (3) stay at least 200 yards from specified places where children were present. (*Id.* at pp. 859, 863.)

In *Gray, supra*, 125 Cal.App.4th 629, the petitioner, a medical doctor charged with various felony counts, was released on bail. The court ordered, as a release condition, that the petitioner be prohibited from practicing medicine. The Court of Appeal held that, procedurally, the order violated the petitioner's due process rights. (*Id*. at pp. 636-641.) But, citing *McSherry, supra*, 112 Cal.App.4th 856, the court also held that a trial court may impose reasonable conditions even if the person has been released on bail, and that the condition imposed in that case is not necessarily unreasonable. (*Id*. at pp. 642-643.)

In reaching this conclusion, the *Gray* court explained that "[t]here is no explicit statutory authority for the trial court to do what it did here. Penal Code section 1269c authorizes a magistrate to 'set bail on the terms and conditions that he or she, in his or her discretion, deems appropriate' in the case of a defendant arrested *without* a warrant.[2] In addition, Penal Code section 1270, subdivision (a) authorizes a court to 'set bail and specify the conditions' after the court makes the requisite

---

[2] Section 1269c permits a peace officer to seek higher bail than that set forth in the bail schedule when the defendant is arrested without a warrant and permits a defendant to apply for lower bail or own recognizance release. It also provides: "The magistrate or commissioner to whom the application is made is authorized to set bail in an amount that he or she deems sufficient to ensure the defendant's appearance or to ensure the protection of a victim, or family member of a victim, of domestic violence, and to set bail on the terms and conditions that he or she, in his or her discretion, deems appropriate, or he or she may authorize the defendant's release on his or her own recognizance."

7

findings that a defendant charged with a *misdemeanor* is not entitled to an own recognizance (OR) release.[3]  Here, because Gray surrendered voluntarily pursuant to a warrant setting bail and because he is charged with felony counts, the statutes expressly authorizing bail conditions do not apply. Nevertheless, although the statutory authority is limited, there is a general understanding that the trial court possesses inherent authority to impose conditions associated with release on bail.  [Citing, inter alia, *McSherry*, *supra*, 112 Cal.App.4th 856.]  In *McSherry*, the court reasoned that if a trial court is statutorily authorized to impose bail conditions on a person charged with a misdemeanor (see Pen. Code, § 1270, subd. (a)), then the Legislature surely intended similar conditions could be imposed when a defendant facing felony charges is released on bail.  (*McSherry*, *supra*, 112 Cal.App.4th at p. 862.)"  (*Gray*, *supra*, 125 Cal.App.4th at pp. 641-642.)

The *Gray* court also explained that "[b]efore legislative amendments to the Penal Code in 1987, the only permissible purpose of bail was to ensure the defendant's presence in court.

---

[3]  Section 1270, subdivision (a), provides, as relevant: "A defendant who is in custody and is arraigned on a complaint alleging an offense which is a misdemeanor, and a defendant who appears before a court or magistrate upon an out-of-county warrant arising out of a case involving only misdemeanors, shall be entitled to an own recognizance release unless the court makes a finding on the record . . . that an own recognizance release will compromise public safety or will not reasonably assure the appearance of the defendant as required.  Public safety shall be the primary consideration.  If the court makes one of those findings, the court shall then set bail and specify the conditions, if any, whereunder the defendant shall be released."

(*McSherry*, *supra*, 112 Cal.App.4th at p. 860.) Now, 'public safety . . . is . . . the primary factor for the court to consider in the setting of bail.' (*Id*. at p. 861; see Pen. Code, § 1275, subd. (a).)" (*Gray*, *supra*, 125 Cal.App.4th at p. 642.) The court noted that the specific statute relied on to impose the condition of that case (§ 1275, subd. (a)) did not refer to bail conditions. But it agreed with *McSherry* "that because public safety is the Legislature's overriding theme in the bail statutory framework, and because the trial court has the inherent power to impose bail conditions, it follows that the trial court may impose bail conditions intended to ensure public safety." (*Gray*, at p. 642, citing *McSherry*, at pp. 861-863.)

The concurring justice below agreed with *Gray* and *McSherry* in this respect. She believed that "we must recognize the practical necessity that in particular cases, in order to assure a defendant's appearance and *protect the public from harm*, a trial court has the power to impose conditions which restrain the behavior or provide monitoring of a defendant while criminal proceedings are pending — even where as here, the defendant has the ability to post cash bail." (*Webb*, *supra*, 20 Cal.App.5th at p. 58 (conc. opn. of Benke, Acting P.J.).)

The majority below found *Gray* and *McSherry* "unpersuasive." (*Webb*, *supra*, 20 Cal.App.5th at p. 56.) It noted (as did the *Gray* court) that the references to bail conditions in sections 1269c and 1270 involved situations other than this one — deciding whether to increase or decrease bail for a person arrested without a warrant (§ 1269c) or a misdemeanor charge (§ 1270). "In contrast, the Legislature makes no mention of a court or magistrate's authority to impose conditions for a person released on the scheduled amount of bail for a felony offense."

(*Webb*, at p. 50.) The majority found no express statutory basis for imposition of bail conditions. "No other scenario in which the Legislature authorized imposition of appropriate bail conditions — for misdemeanants or departures from the bail schedule — applies, and we will not insert text to the statutory scheme to accomplish a purpose that does not appear on its face." (*Id.* at p. 51.) It also found no inherent authority to impose the Fourth Amendment waiver condition or, apparently, any condition. (*Id.* at pp. 51-56.)

We agree with *McSherry*, *Gray*, and the concurring opinion below that the trial court does have authority to impose reasonable release conditions even when the person has posted bail. Several statutes provide for release conditions on bail. In addition to the two statutes cited in *Gray* and the majority below (§§ 1269c, 1270), others include sections 646.93, subdivision (c), and 1506. None of these statutes govern this precise situation. But nothing in them suggests that bail conditions were unique to the situations they governed. As *McSherry* and *Gray* indicated, it would be illogical for the Legislature to authorize conditions of release on bail for those charged with a misdemeanor but prohibit such conditions for those charged with a felony. (*Gray*, *supra*, 125 Cal.App.4th at p. 642; *McSherry*, *supra*, 112 Cal.App.4th at p. 862.) Instead, these statutes imply that courts do have authority to impose release conditions even if the defendant has posted bail.

Moreover, after *McSherry* and *Gray* were decided, the voters amended California's Constitution to make clear that trial courts do have authority to impose reasonable release conditions on persons who post bail. California Constitution, article I, section 28, subdivision (b)(3), as amended in November

2008 by an initiative measure, provides that a victim has the right "[t]o have the safety of the victim and the victim's family considered in fixing the amount of bail *and release conditions* for the defendant." (Italics added.)

In *Townsel v. Superior Court* (1999) 20 Cal.4th 1084, we encountered a similar situation. There, the trial court issued orders to protect jurors' privacy that went beyond what the statutes had expressly authorized. Recognizing that "trial courts have always possessed the inherent power to protect jurors' physical safety and privacy," we upheld the orders. (*Id.* at p. 1087.) We explained that the protective measures the trial court imposed were within its authority in part because they were "fully consistent" with the purpose of protecting juror safety — a purpose reflected in the relevant statutes. (*Id.* at p. 1096.)

The same is true for bail: reasonable conditions generally further, rather than undermine, the important legislative purpose of protecting public safety. (See § 1275, subd. (a)(1) ["In setting, reducing, or denying bail, a judge or magistrate *shall take into consideration the protection of the public*, the seriousness of the offense charged, the previous criminal record of the defendant, and the probability of his or her appearing at trial or at a hearing of the case. *The public safety shall be the primary consideration*." (Italics added.)].) Authorizing courts to impose reasonable conditions of release on bail is fully consistent with this legislative policy.

Accordingly, we conclude that trial courts have authority to impose reasonable conditions related to public safety on persons released on bail. We need not here consider in detail the exact contours of this authority. We stress, however, that, as the concurring justice noted below, this authority is "fairly

narrow." (*Webb*, *supra*, 20 Cal.App. 5th at p. 59 (conc. opn. of Benke, Acting P.J.).) Any condition must be *reasonable*, and there must be a sufficient nexus between the condition and the protection of public safety.

### III. CONCLUSION

We disagree with the reasoning of the Court of Appeal majority to the extent it held that trial courts have no authority to impose release conditions on persons who post bail. Because the question is moot as to defendant, we need not decide whether the specific condition was valid. Instead, we reverse the judgment of the Court of Appeal and remand the matter to that court with directions to discharge the order to show cause and deny the petition for writ of habeas corpus as moot.

**CHIN, J.**

**We Concur:**

**CANTIL-SAKAUYE, C. J.**
**CORRIGAN, J.**
**LIU, J.**
**CUÉLLAR, J.**
**KRUGER, J.**
**GROBAN, J.**

*See next page for addresses and telephone numbers for counsel who argued in Supreme Court.*

**Name of Opinion** In re Webb
_____

**Unpublished Opinion**
**Original Appeal**
**Original Proceeding**
**Review Granted** XXX 20 Cal.App.5th 44
**Rehearing Granted**

_____

**Opinion No.** S247074
**Date Filed:** May 23, 2019
_____

**Court:** Superior
**County:** San Diego
**Judge:** Stephanie Sontag

_____

**Counsel:**

Angela Bartosik, Chief Deputy Public Defender, and Robert Louis Ford, Deputy Public Defender, for Petitioner Bettie Webb.

Summer Stephan, District Attorney, Mark A. Amador, Linh Lam, James Atkins, Lilia E. Garcia and Marissa A. Bejarano, Deputy District Attorneys, for Respondent the People.

Xavier Becerra, Attorney General, Edward C. DuMont, State Solicitor General, Jeffrey M. Laurence, Assistant Attorney General, Katie L. Stowe, Deputy Attorney General, and Joshua A. Klein, Deputy State Solicitor General, for Attorney General as Amicus Curiae on behalf of Respondent the People.

**Counsel who argued in Supreme Court (not intended for publication with opinion):**

Robert Louis Ford
Deputy Public Defender
450 B Street, Suite 1100
San Diego, CA  92101
(619) 338-4831

Marissa A. Bejarano
Deputy District Attorney
330 West Broadway, Suite 860
San Diego, CA  92101
(619) 531-4040