Filed 12/22/22

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| In re M.G.<br><br>on Habeas Corpus. | H050341<br>(Santa Clara County<br>Super. Ct. No. 20MH043843) |

Petitioner M.G. was detained in a locked behavioral health facility under the authority of Welfare and Institutions Code section 5250. That law allows for temporary detention of up to 14 days when a person poses a danger to self or others because of a mental disorder and is unwilling to accept treatment. A companion statute, Welfare and Institutions Code section 5276, provides for prompt judicial review: within two judicial days of a detainee's request, the superior court must hold an evidentiary hearing to decide whether the detention is warranted. M.G. requested a hearing but the superior court did not hold it within two judicial days. M.G. then petitioned this court for a writ of habeas corpus ordering her release.

We conclude Welfare and Institutions Code section 5276 imposes a mandatory duty to conduct an evidentiary hearing within two judicial days of a detained person's request; failure to do so requires that the detainee be immediately released. Although we therefore find petitioner's contention has merit, we will deny the petition as moot because petitioner has already been released.

## I. BACKGROUND

Welfare and Institutions Code section 5000, et seq., (the Lanterman-Petris-Short Act) provides a procedure for temporarily detaining a person who poses a danger because of a mental health disorder. The Act is intended to protect public safety while preventing

indefinite involuntary commitment of people afflicted with a mental disorder, safeguarding the rights of the mentally ill through judicial review. (See Welf. & Inst. Code, § 5001, subds. (a)–(d); unspecified statutory references are to this code.)

To achieve its aims, the law provides for gradually increasing periods of temporary confinement with an opportunity at each step to determine whether further confinement is necessary. If a mentally ill person presents a danger to self or others, a law enforcement officer can take the person into custody for placement at a state approved facility for evaluation and treatment up to 72 hours. (§ 5150, subd. (a).) If the evaluation conducted during that time determines the detainee remains a danger but is not willing to accept treatment, the person may be involuntarily confined for an additional 14 days of intensive treatment and the detainee has a right to seek judicial review by petition to the superior court for release through a writ of habeas corpus. (§ 5250, subd. (a); § 5275.) Given that the maximum confinement period at that point is limited to 14 calendar days, the superior court must "order an evidentiary hearing to be held within two judicial days after the petition is filed." (§ 5276.)

If the court finds the detainee does not meet the statutory criteria for involuntary detention, he or she must be ordered released. (§ 5276.) Otherwise, the detention can continue and an additional 30-day detention may commence at the end of the 14-day period. (§ 5270.15.) On recommendation of a treating professional, a person certified for intensive treatment can then be subject to temporary or permanent conservatorship proceedings. (§§ 5352.1, 5361.)

In this case, M.G. was detained in August 2022 for the 14-day confinement allowed by section 5250. The 14-day period was set to expire September 4. On August 26, a Friday, M.G. petitioned the superior court for a writ of habeas corpus ordering her release on the ground that she was not mentally disordered, gravely disabled, or a danger to anyone. An evidentiary hearing on the petition was set for the following Tuesday, August 30. Because M.G. is hearing impaired, she requested two sign language

2

interpreters for that hearing: an American Sign Language interpreter and a certified deaf interpreter. Relay interpreting using both interpreters was necessary for M.G. to understand the proceedings and communicate with her counsel.

When the hearing was convened on M.G.'s habeas corpus petition, the court informed the parties that neither interpreter was available that day. The hearing was continued for two days, to Thursday, September 1. The superior court reasoned that due process requires M.G. be assisted by an interpreter, and the unavailability of an interpreter constituted good cause to continue the hearing beyond the two-day statutory timeframe.

On August 31, M.G. petitioned this court for a writ of habeas corpus granting her release. We ordered the facility where she was detained to show cause why the relief should not be granted. After we issued the order to show cause, counsel notified us M.G. had been released. Since we cannot grant the relief requested in M.G.'s habeas corpus petition—release from confinement—we must deny her petition as moot. We nonetheless elect to decide the question here despite its technical mootness. The statutory interpretation issue presented is one of first impression. And because the associated temporary confinement can last at most 14 days, a challenge to its propriety will routinely evade appellate review. (See *In re Webb* (2019) 7 Cal.5th 270, 273 [appropriate to decide moot question where important to provide guidance in future cases and where the question will consistently evade review].)

## II. DISCUSSION

M.G. asserts her continued confinement was unlawful because the superior court failed to conduct an evidentiary hearing within two judicial days of her August 26 request. She argues that under section 5276, the court was required to either conduct an evidentiary hearing within the specified timeframe or release her from custody. She

3

argues postponing the hearing, even for good cause, is not an option authorized by the Legislature.

To determine whether M.G. is correct, we look to the language of the statute, which in this case is clear and unambiguous. (*MacIsaac v. Waste Management Collection & Recycling, Inc.* (2005) 134 Cal.App.4th 1076, 1083 [words of the statute are the most reliable indicator of legislative intent; if they are clear and unambiguous their plain, commonsense meaning controls and no further interpretation is required].) Because involuntary detention, even for a relatively short period, directly infringes personal freedom, we strictly construe statutory provisions intended to protect a detained person's liberty interests. (*Edward W. v. Lamkins* (2002) 99 Cal.App.4th 516, 530-531.)

Section 5276 provides, in relevant part, that when a detainee pursues judicial review of a 14-day intensive treatment detention, "[t]he court shall either release the person or order an evidentiary hearing to be held within two judicial days after the petition is filed." The language is clear: upon the filing of a petition, the court shall either (1) conduct an evidentiary hearing within two judicial days; or (2) release the petitioner. No other action is allowed, including a good cause continuance beyond the statutory deadline.

The treatment facility reads the statute to mean that as long as a hearing date has been set to occur within two judicial days of a petition's filing, the court has complied with the statute, even if the hearing ultimately occurs outside the two-day timeframe. As practical as that interpretation may be, the statutory language is not susceptible of that meaning. The words "to be held" preclude such an interpretation: the court shall either release the person or "order an evidentiary hearing to be held within two judicial days." (§ 5276.)

Interpreting the statute as urged by the facility would render it entirely ineffective. The purpose of the two-day requirement is to ensure a detainee can obtain judicial review of the 14-day detention while it is meaningful. The facility's interpretation would allow

4

for an evidentiary hearing regarding the propriety of a detention to be held after the maximum time of detention has expired. We will not interpret a statute in a way that frustrates its fundamental purpose. (*California School Employees Ass'n. v. Governing Board* (1994) 8 Cal.4th 333, 340.)

The unavailability of necessary interpreters appears to have been a legitimate reason for delay—as the superior court noted, conducting the hearing without them would present significant due process issues. But the statute does not contain language which would allow a continuance beyond two judicial days, for good cause or otherwise. We note that in other contexts the Legislature has expressly allowed for a good cause continuance of mandatory deadlines. For example, Penal Code section 1382, subdivision (a)(2), governing the deadline for bringing a felony criminal case to trial, provides: "The court, unless good cause to the contrary is shown, shall order the action to be dismissed [¶…¶] [i]n a felony case, when a defendant is not brought to trial within 60 days of the defendant's arraignment[.]" The statutory time for a preliminary hearing in a felony case also expressly contemplates a continuance based on good cause. (Penal Code, § 859b [preliminary examination in a felony case must be held within 10 days, unless that right is waived "or good cause for a continuance is found."].) And for civil harassment restraining order petitions, a hearing must be held "[w]ithin 21 days, or, if good cause appears to the court, 25 days from the date that a petition for a temporary order is granted or denied[.]" (Code Civ. Proc. § 527.6, subd. (g).) The Legislature has chosen not to include a good cause provision in this context, however, presumably because the detention at issue is short enough that a delay beyond two judicial days—even for a legitimate reason—could effectively deny meaningful judicial review.

The Legislature expressly stated in the statute its goal to ensure prompt judicial review for persons detained under section 5250. (See § 5001, subd. (d).) Prompt is a relative term. In the context of a longer detention, a brief continuance might be tolerated without depriving the detainee of prompt review. But in the case of a detention lasting no

more than 14 days, the Legislature has determined that prompt judicial review requires an evidentiary hearing within two judicial days of a request, without exception.

It is also important to consider whether construing a requirement as mandatory promotes the statutory objective or undermines it. (*Conservatorship of Jose B.* (2020) 50 Cal.App.5th 963, 972.) Section 5276 specifies the consequence for not holding a hearing within two judicial days: the detainee's release. (See *Tran v. County of Los Angeles* (2022) 74 Cal.App.5th 154, 166 [statute is mandatory where consequence of noncompliance is specified].) Construing the timing as mandatory advances the Legislature's objective of ensuring prompt judicial review. We conclude that when the superior court did not hold an evidentiary hearing by the last day permitted under the statute, M.G. should have been released. Continuing the hearing for an additional two days was not authorized by the statute and doing so therefore exceeded the superior court's jurisdiction.

### III.   DISPOSITION

The order to show cause is discharged and the petition for habeas corpus is denied as moot.

_____
                              Grover, J.

WE CONCUR:



_____
Bamattre-Manoukian, Acting P.J.




_____
Wilson, J.




**H050341**
*In re M.G. on Habeas Corpus*

| Trial Court | Santa Clara County Superior Court<br>Superior Court No. 20MH043843 |
|---|---|
| Trial Judge | Hon. Jacqueline M. Arroyo |
| Attorney for Petitioner M.G. | Brandon L. Li<br>Office of the Public Defender, Santa Clara County |
| Attorneys for Real Party in Interest Crestwood Center San Jose | Alan L. Martini<br>Sheuerman, Martini, Tabari & Garvin |
| Attorneys for Public Guardian of Santa Clara County | Allen Brandt<br>Office of the County Counsel, Santa Clara County |

H050341 - *In re M.G. on Habeas Corpus*