Filed 12/22/25  P. v. Bischoff CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

|  |  |
|---|---|
| THE PEOPLE,<br><br>       Plaintiff and Respondent,<br><br>v.<br><br>DUSTY PARKER BISCHOFF,<br><br>       Defendant and Appellant. | A172099<br><br>(Contra Costa County Sup. Ct. Nos. 022400891, 022400922) |

**MEMORANDUM OPINION[1]**

In July 2024, Dusty Parker Bischoff was charged with resisting an executive officer by means of threat and violence (Pen. Code, § 69; undesignated statutory references are to this code), threatening a public officer (§ 71), battery upon a peace officer (§ 243, subd. (b)), and violation of probation.  Later that same month, he was charged with misdemeanor battery (§§ 242, 243, subd. (a)), misdemeanor criminal threats (§ 422, subd. (a)), and violating probation.

The next month, the trial court declared a doubt regarding Bischoff's competency to stand trial under former sections 1368 and 1370.1 — the latter

---

[1] We resolve this case by memorandum opinion (Cal. Stds. Jud. Admin., § 8.1), reciting only those facts necessary to do so.  (*People v. Garcia* (2002) 97 Cal.App.4th 847, 851.)

1

provision addresses competency evaluations for people with developmental disabilities. Although the court suspected he had a developmental disability, it only appointed two doctors — but not the Regional Center of the East Bay (Regional Center), the local regional center providing services and supports for people with developmental disabilities — to evaluate him. (Former § 1369, subd. (a)(3) [requiring appointment of regional center director or designee to examine defendants suspected of having a developmental disability to determine the existence of a developmental disability and eligibility for regional center services].) Based on the evaluations, the court found him incompetent to stand trial and suspended the criminal proceedings. It noted he was a prior Regional Center client, and it referred him to that facility for a developmental disability placement examination, evaluation, and recommendation. (§ 1370.1, subd. (a)(2).)

A Regional Center case manager recommended placing Bischoff at the Porterville Developmental Center, a secure treatment facility for people with developmental disabilities. Nothing in the record indicates the Regional Center personally evaluated him before making this recommendation. At a November 2024 hearing, and over Bischoff's objection, the trial court committed him to Porterville.

Bischoff appealed, arguing the trial court's order committing him to the Porterville Developmental Center without a statutorily mandated evaluation under section 1370.1 violated his due process rights and required reversal of the order. While the appeal was pending, the trial court found him competent to stand trial. He was released from Porterville to a detention center, and the People moved to dismiss the appeal as moot.

Having considered the People's motion and Bischoff's opposition, we agree the matter should be dismissed as moot. Appellate courts decide actual

2

controversies, not cases that become moot. (*Lincoln Place Tenants Assn. v. City of Los Angeles* (2007) 155 Cal.App.4th 425, 454.) Generally, an "appeal should be dismissed as moot when the occurrence of events renders it impossible for the appellate court to grant appellant any effective relief." (*Cucamongans United for Reasonable Expansion v. City of Rancho Cucamonga* (2000) 82 Cal.App.4th 473, 479.) We "will not render opinions on moot questions or abstract propositions, or declare principles of law which cannot affect the matter at issue on appeal." (*Daily Journal Corp. v. County of Los Angeles* (2009) 172 Cal.App.4th 1550, 1557.) Here, Bischoff's appeal is moot because the relief he sought — release from the secure treatment facility — was " 'performed while the appeal [was] pending.' " (*Cerletti v. Newsom* (2021) 71 Cal.App.5th 760, 766.) Reversal in this case " ' "would be without practical effect, and the appeal will therefore be dismissed." ' " (*People v. Armas* (2024) 107 Cal.App.5th 350, 353.)

Bischoff urges us to exercise our discretion to decide this otherwise moot appeal because the placement issue — that is, a trial court making a placement decision in the absence of an evaluation under section 1370.1 — is likely to evade appellate review and presents a matter of broad public interest. (*In re Webb* (2019) 7 Cal.5th 270, 273–274 [courts " 'have discretion to decide otherwise moot cases presenting important issues that are capable of repetition yet tend to evade review' "].) We are not persuaded. As the court in *Medina v. Superior Court* (2021) 65 Cal.App.5th at page 1197 already noted, "[u]nder subdivision (a)(2) of section 1370.1, the defendant may not be placed in a treatment facility before being evaluated by the regional center director or the director's designee." (*Id.* at p. 1205 [addressing statutory and due process issues related to procedures following a finding of incompetence to stand trial under § 1370.1].) Thus, our

3

addressing this moot appeal is unnecessary to resolve the issue or provide guidance to lower courts.

## DISPOSITION

The appeal is dismissed as moot.

_____
RODRÍGUEZ, J.


WE CONCUR:


_____
FUJISAKI, Acting P. J.


_____
PETROU, J.


A172099; *P. v. Bischoff*