Filed 2/6/26  Valladares v. Page CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| VICTOR VALLADARES, | |
| Plaintiff and Respondent, | G064611 |
| v. | (Super. Ct. No. 30-2024-01419495) |
| BOB PAGE, AS ORANGE COUNTY REGISTRAR OF VOTERS, et al., | O P I N I O N |
| Defendants and Respondents; | |
| CHAD WILLIAMS, | |
| Real Party in Interest and Appellant. | |

Appeal from a judgment of the Superior Court of Orange County, Craig L. Griffin, Judge. Reversed and remanded with directions.

Law Office of Chad D. Morgan and Chad D. Morgan for Real Party in Interest and Appellant.

Law Offices of Brett Murdock and Brett M. Murdock for Plaintiff and Respondent.

Leon J. Page, County Counsel, Rebecca S. Leeds and Suzanne E. Shoai, Deputies County Counsel, for Defendant and Respondent Bob Page, as Orange County Registrar of Voters.

Michael J. Vigliotta, City Attorney, and Peggy Estanislau, Deputy City Attorney, for Defendant and Respondent Robin Estanislau, as Huntington Beach City Clerk.

\*          \*          \*

This appeal comes to us after the trial court granted, in part, a petition for writ of mandate sought by Victor Valladares, and directed the City of Huntington Beach City Clerk (the city clerk) to remove a portion of a ballot designation approved for then Huntington Beach City Council (the city council) candidate Chad Williams. Though the relevant election, in which Williams was the top vote-getter, occurred more than one year ago, Williams and Valladares urge us to address the appeal on the merits. We find the issues raised on appeal to be moot and decline to exercise our discretion to nevertheless consider them. For procedural reasons having nothing to do with the merits of the petition or the appeal, we reverse the challenged order and direct the trial court to dismiss the petition.

FACTS

Williams is a former Navy SEAL whose roughly five-year service ended when he retired from the Navy in 2010. He published a book two years later, and since that time has relied on speaking engagements as his primary source of income. According to Williams, he is "invited by organizations that

2

are looking for a 'Navy SEAL Speaker' to provide a keynote on Navy SEAL leadership principles to their groups."

After declaring his candidacy for the city council in the November 2024 election, Williams filed a ballot designation worksheet with the city clerk on August 7, 2024. In it, he provided a proposed ballot designation of "Navy SEAL Speaker," indicating he was self-employed, and an alternate ballot designation of "Navy SEAL Author." His included justification for the former was: "My primary source of income comes through being booked by organizations as a 'Navy SEAL Speaker' to speak on Navy SEAL leadership qualities." And for the latter, he explained: "I wrote a best-selling book titled 'SEAL of God' that is a memoir about my time as a Navy SEAL."

The same day, the city clerk contacted the Orange County Registrar of Voters (the registrar) "to determine if 'Navy SEAL Speaker could be categorized as an occupation under Election Code section 13107.'" When the registrar responded it did not qualify as an occupation, the city clerk emailed Williams "immediately" to inform him "'Navy SEAL Speaker' was not an acceptable ballot designation."

Williams responded to the city clerk, informing her that being a "Navy SEAL Speaker" "is precisely how [he] make[s] [his] income." He explained an internet search would show he is "on the front page . . . at the top[,] listed amongst other Navy SEAL Speakers that can be hired." He further indicated he had "many other ways to demonstrate it." Later that day, Williams provided the city clerk with additional documents which he believed showed "Navy SEAL Speaker" is, in fact, an occupation.

The city clerk performed her own research. She found "several motivational speaker companies . . . categorized speakers based on subject matters, specialized knowledge, and trending topics. 'Navy SEAL Speaker'

3

[was] one of the categories listed." Additionally, several websites listed Williams "as one of the top twenty 'Navy SEAL Speaker[s]' in [the country]."

Based on her research and the information Williams provided, the city clerk concluded the "Navy SEAL Speaker" designation "complies with Election[s] Code section 13107, subdivision (a)(3)['s] definition of occupation." She reached back out to the office of the registrar to share her findings. The person she spoke with "suggested that [she] submit the supporting information provided by . . . Williams and . . . provided no further objection." Based on the conversation, the city clerk emailed Williams to inform him "the [r]egistrar . . . approved the ballot designation of 'Navy SEAL Speaker' as his occupation."

On August 19, 2024, Valladares filed a petition in the trial court seeking a writ of mandate ordering the city clerk and the registrar to "[s]trike from the ballot . . . Williams' ballot designation of 'Navy SEAL Speaker' and disallow the use of his alternative designation 'Navy SEAL Author.'" He alleged both designations were "false, misleading[,] and inconsistent with the law of ballot designations."

Williams opposed the petition, arguing the city clerk properly determined "'Navy SEAL Speaker' qualifies as a 'principal profession, vocation, or occupation' under Elections Code section 13107, subd[ivision] (a)(3)." He also asserted Valladares failed to meet his burden of providing clear and convincing evidence that the designation was false or misleading.

The trial court gave calendar preference to the matter, holding a hearing on the petition 10 days after it was filed. As indicated in a certified settled statement of the proceedings,[1] during the hearing, "[t]he [c]ourt

---

[1] There is no transcript of the lower court proceedings.

acknowledged that Williams's Navy SEAL Speaker designation was factually true but stated its inclination to rule that the designation was, nonetheless, misleading because it sounds like Navy SEAL Speaker is someone who is presently a Navy SEAL who speaks." It "also described Navy SEAL Speaker as an 'end-around' the regulations prohibiting uses of former professions" and "characterize[d] 'Navy SEAL' as a profession where the addition of the word 'Speaker' modifies the Navy SEAL profession."

After hearing argument from the parties, including regarding what would be a proper ballot designation if the court decided to disallow "Navy Seal Speaker," the court largely ruled in Valladares' favor. It struck "Navy Seal" from the ballot designation but allowed "Speaker" to remain.

The following day, on August 30, 2024, Williams appealed. His notice of appeal did not indicate the matter was an election case, and no one filed a motion for calendar preference. It was not until nearly one month later that this court became aware of the type of case, when Williams filed a civil case information statement identifying it as an election matter entitled to calendar preference.

This court ordered an expedited briefing schedule and granted calendar preference, both of which were vacated one week later based on input from the parties. Among other information received from the registrar was that it had conveyed to the trial court and the other parties a deadline of 5:00 p.m. on August 30, 2024, to receive a final order regarding Williams' ballot designation to avoid any disruption of the ballot creation and printing process. Although the registrar received the lower court's order before that deadline, it also received Williams' notice of appeal. The registrar believed the latter operated to stay execution of the court's order under Code of Civil Procedure section 916 et seq. Accordingly, it moved forward with the ballot

creation process, incorporating into it the city clerk approved "Navy Seal Speaker" ballot designation.[2] As of September 26, 2024, when the registrar provided such information to this court, it had already started sending out voter information guides containing the ballot information, as well as some actual ballots. Under these circumstances, the registrar believed any order requiring modification or augmentation of ballot materials would substantially interfere with the conduct of the election in violation of Elections Code section 13314.

Appellate briefing proceeded on an ordinary schedule. As a result of some of this court's initial orders, Williams and Valladares briefed the issue of whether this court can provide effective relief given that the relevant election took place in November 2024. A subsequent supplemental briefing request from this court also allowed them to provide input on the proper disposition of the appeal should this court decide the appeal is moot and choose not to exercise discretion to nevertheless consider the issues presented.

## DISCUSSION

Williams challenges the trial court's partial grant of the petition on two grounds. First, he argues undisputed evidence showed "Navy SEAL Speaker" was his "current principal profession[], vocation[], or occupation[]," and therefore an allowable ballot designation under Elections Code section

___

[2] Five days after Williams filed his notice of appeal, Valladares sought an ex parte order from the trial court lifting the automatic stay of its underlying order. The court indicated it probably would have granted the request had it been made before the registrar's August 30, 2024 deadline. However, based on information provided by the registrar concerning ballot preparation, the court determined there was a substantial danger that doing so at the later time would interfere with the conduct of the election.

6

13107, subdivision (a)(3). Second, he contends the court erred in finding Valladares met his burden of demonstrating the designation was misleading so as to justify issuance of a writ of mandate pursuant to Elections Code section 13313, subdivision (b). For reasons we explain, we do not reach the merit of these issues.

"'California courts will decide only justiciable controversies. [Citations.] The concept of justiciability is a tenet of common law jurisprudence and embodies "[t]he principle that courts will not entertain an action which is not founded on an actual controversy . . . ."'" (*Parkford Owners for a Better Community v. County of Placer* (2020) 54 Cal.App.5th 714, 722 (*Parkford*).) Mootness is one principle that falls under the justiciability umbrella. "'[A] case that presents a true controversy at its inception becomes moot "'if before decision it has, through act of the parties or other cause, occurring after the commencement of the action, lost that essential character'" [citation].' [Citation.] Stated differently, moot cases 'are "[t]hose in which an actual controversy did exist but, by the passage of time or a change in circumstances, ceased to exist."'" (*Ibid.*)

"'The pivotal question in determining if a case is moot is . . . whether the court can grant the [appellant] any effectual relief. [Citations.] If events have made such relief impracticable, the controversy has become "overripe" and is therefore moot. [Citations.] [¶] . . . When events render a case moot, the court . . . should generally dismiss it.'" (*Parkford, supra*, 54 Cal.App.5th at p. 722.)

Here, the city council election in which Williams was a candidate occurred in November 2024. We cannot provide any effective relief regarding a ballot designation for that election. Accordingly, Williams' challenge to the trial court order is moot.

Williams urges us to reach the merits of his arguments, arguing they concern important issues that are capable of repetition yet tend to evade review. Valladares advocates for the same. We recognize we have the discretion to do so in appropriate situations (see *In re Webb* (2019) 7 Cal.5th 270, 273–274; *D.K. v. Office of Administrative Hearings* (2024) 101 Cal.App.5th 1206, 1213), but we find the circumstances before us do not justify doing so here.

"For the evading review exception to apply, there must be more at stake than simple error-correction in an individual case." (*People v. McCray* (2023) 98 Cal.App.5th 260, 267–268.) Here, the issues raised by Williams concern whether his chosen ballot designation of "Navy SEAL Speaker" is allowable under state election statutes and regulations, including whether the trial court erred in concluding the designation is misleading. The issues are fact-specific, involving review of the particular evidence provided to the trial court about Williams and the motivational speaker industry. They stand in stark contrast to election matters that courts have considered to be of broad, general public interest so as to support discretionary review notwithstanding technical mootness. (See, e.g., *Edelstein v. City and County of San Francisco* (2002) 29 Cal.4th 164, 172 [free speech challenge to charter city provision prohibiting write-in voting in municipal runoff elections]; *Californians for Fair Representation–No on 77 v. Superior Court* (2006) 138 Cal.App.4th 15, 19 [determination of whether millions of dollars in expenditures fell within scope of state law contribution and independent expenditure disclosure requirements]; *Hammond v. Agran* (1999) 76 Cal.App.4th 1181, 1183 [interpretation of statute prescribing permissible content of candidate statement]; *Gebert v. Patterson* (1986) 186 Cal.App.3d 868, 873 [case of first impression concerning indigent's

constitutional challenge to city ordinance requiring prepayment of printing costs for ballot arguments].)

The limited, case-specific scope of the issues involved is underscored by representations which raise the question of whether they will arise again in the future. Williams acknowledges "Navy SEAL Speaker is such a unique profession that the distinct facts of this case are unlikely to recur" with respect to another candidate. In addition, he indicates "it is uncertain whether [he] will ever run for office again as a Navy SEAL Speaker." Prior to the election, he informed this court that if he won the city council election (which he did), "it seems likely that [Williams] would choose the designation 'City Councilmember' (or some derivative thereof) if/when he runs for reelection in 2028, as most incumbents do." His post-election briefing made a similar statement. Although Williams "may choose to run for reelection to the city council (or [election] to some other office) [after being termed out pursuant to Huntington Beach's term limits,] and wish to use Navy SEAL Speaker in that campaign," that possibility is too speculative and remote to justify review at this time.

We recognize election cases are time-sensitive and require quick action by all those involved. But, there are processes to assist in expedited judicial review. (See, e.g., Code Civ. Proc., §§ 35 [superior court calendar preference], 44 [appellate calendar preference]; Elec. Code, § 13314, subd., (a)(3) [superior court and appellate calendar preference].) Notably, while Williams and Valladares both argue the relevant issues will tend to evade review, neither of them took advantage of all available means of getting the issues before the lower court and this court in the quickest way possible. Should the same or similar matters arise in the future, it is likely any legal

9

proceedings would be more streamlined given the briefing done in this case, and the parties would be well advised to proceed with greater urgency.

Williams also urges us to reach the merits of his appeal so he may "avoid preclusion issues if he wants to use the Navy SEAL Speaker designation in a future election." We are not persuaded that the possibility of the challenged order having some type of future preclusive effect justifies consideration of the moot issues before us. However, notwithstanding Valladares' position to the contrary, we find it to be of import in considering the appropriate disposition of this appeal.

Although the issues raised on appeal are now moot and we do not reach their merits, Williams preserved his right to challenge the trial court's order by timely appealing. Additionally, the basis for the order—the November 2024 ballot—has disappeared. Under these circumstances, and without deciding whether the underlying order would have res judicata effect if we were to simply dismiss the appeal as moot (compare *Parkford Owners for a Better Community v. Windeshausen* (2022) 81 Cal.App.5th 216, 226–227 [dismissal of appeal as moot means judgement appealed from does not have res judicata effect in future litigation], with *Lyons v. Security Pacific Nat. Bank* (1995) 40 Cal.App.4th 1001, 1017–1018 [res judicata bars relitigation of decided issues when appeal dismissed as moot]), we find an alternative disposition proper to avoid the possibility of it having such an effect in subsequent litigation. We "revers[e] the [order] solely for the purpose of restoring the matter to the jurisdiction of the superior court, with directions to the court to dismiss the proceeding. [Citations.] Such a reversal, of course, does not imply approval of a contrary [order], but is merely a procedural step necessary to a proper disposition of this case." (*Paul v. Milk Depots, Inc.*

10

(1964) 62 Cal.2d 129, 134–135; see also *Coalition for a Sustainable Future in Yucaipa v. City of Yucaipa* (2011) 198 Cal.App.4th 939, 944–945.)

DISPOSITION

The order is reversed, and the matter is remanded to the trial court with directions to dismiss the petition as moot. In the interest of justice, the parties shall bear their own costs on appeal.


DELANEY, J.

WE CONCUR:


SANCHEZ, ACTING P. J.


GOODING, J.